a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANTONIO JOSEPH MCKENDALL, Plaintiff | CIVIL ACTION NO. 1:19-CV-149-P |
| VERSUS | JUDGE DRELL |
| WARDEN DEVILLE, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (Doc. 1) and Amended Complaints (Docs. 10, 17) filed by pro se Plaintiff Antonio Joseph McKendall ("McKendall") (#234949). McKendall is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Winn Correctional Center in Winnfield, Louisiana ("WCC"). McKendall alleges that he is being denied adequate medical care in violation of the Constitution.

Because McKendall cannot establish that he suffered a constitutional violation or that he meets the physical injury requirement for recovering compensatory damages, his Complaint and Amended Complaints (Docs. 1, 10, 17) should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

McKendall complains that there is no 24-hour infirmary at WCC, so in the event he would become ill or injured at night, he would have to wait for treatment. (Doc. 10, p. 7). McKendall states that he is being denied mental health treatment

from a psychiatrist or social worker. (Doc. 10, p.6). McKendall also alleges that he has been denied an HIV test. (Doc. 7, p. 2).

II. Law and Analysis

    A. McKendall's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

McKendall is a prisoner who has been granted leave to proceed in forma pauperis. (Doc. 9). As a prisoner seeking redress from an officer or employee of a governmental entity, McKendall's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding in forma pauperis, McKendall's Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for sua sponte dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. McKendall cannot show deliberate indifference to his serious medical needs.

McKendall states that he has taken lamotrigine, benztropine mesylate, olanzapine, and venlafaxine HCL to treat his mental health conditions, and some of these medications were prescribed by the prison physician rather than a psychiatrist. (Docs. 17, p. 1; 17-1, p. 14). McKendall also requested to speak with a social worker for individual counseling because he fears his aunt will do something to harm his family. His requests for therapy were denied. (Docs. 17, p.3; 18-1, p. 5).

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

McKendall seeks monetary damages because his medications were prescribed by a physician instead of a psychiatrist, and because his requests for therapy were denied. McKendall disagrees with the decisions that have been made regarding his medical treatment. Such a disagreement with the course of medical treatment does not state a claim of deliberate indifference. See Norton v. Dimazana, 122 F.3d 286,

291 (5th Cir. 1997); Waller La v. Ward, 3:16-CV-1168, 2016 WL 7235832, at *2 (W.D. La. Oct. 19, 2016), report and recommendation adopted sub nom. La v. Ward, 3:16-cv-1168, 2016 WL 7240152 (W.D. La. Dec. 14, 2016); Nicholls v. Brown, 3:11-CV-0113, 2011 WL 1979600, at *2 (W.D. La. Apr. 28, 2011), report and recommendation adopted, 2011 WL 1938290 (W.D. La. May 20, 2011); Brown v. Day, 1999 WL 1220762, at *5 (E.D. La., Dec. 16, 1999).

Likewise, McKendall's complaint that he was denied an HIV test fails to state a constitutional claim. McKendall's request for an HIV test was denied because McKendall exhibited no symptoms that would warrant diagnostic testing. (Docs. 18-1, p. 9; 19-1, p. 1). McKendall's disagreement with the health care professionals' decision cannot establish deliberate indifference. See Norton, 122 F.3d at 292; Young v. Gray, 560 F.2d 201, 201 (5th Cir. 1977).

Finally, McKendall's demand for a 24-hour clinic at WCC is frivolous. The Eighth Amendment only requires adequate medical care, not "the best that money could buy." Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). There is no constitutional requirement for a 24-hour clinic at every jail.

### C. McKendall fails to allege a physical injury.

"No federal civil action may be brought by a prisoner confined in jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e. The physical injury required by § 1997e(e) must be more than de minimis but need not be significant. See Harper v. Showers, 174 F.3d 716 (5th Cir. 1999) (citing Siglar v. Hightower, 112 F.3d

4

191 (5th Cir. 1997). Because McKendall has not alleged any physical injury as a result of the alleged constitutional deprivations, his request for monetary damages should be dismissed.

## III. Conclusion

Because McKendall cannot establish that he suffered a constitutional violation or that he meets the physical injury requirement for recovering compensatory damages, IT IS RECOMMENDED that McKendall's Complaint and Amended Complaints (Docs. 1, 10, 17) be DENIED and DISMISSED WITH PREJUDICE under § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana, this __29th__ day of May, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge